ROSARIO PEDRAZA RIVERA, demandante y recurrida, *v.* JENARO COLLAZO COLLAZO, demandado y peticionario.

*Número:* O-78-303     *Resuelto:* 15 de enero de 1979

*José Ramón Pérez Hernández,* abogado del peticionario; *Pedro Baiges Chapel,* abogado de la recurrida.

PER CURIAM: La demandante, empleada permanente en el servicio público ocupando el cargo de Técnico de Servicios Sociales III en la Unidad de Control de Calidad del Programa de Cupones de Alimentos del Departamento de Servicios Sociales, trabaja en las oficinas de la región de Trujillo Alto— su domicilio. Acudió en primera instancia al Tribunal Superior, Sala de San Juan, en acción civil de Sentencia Declaratoria e *Injunction,* al amparo este último de la Ley Núm. 12 del 8 de agosto de 1974 (32 L.P.R.A. sec. 3524).(1) En su

(1) Esta ley en lo pertinente dispone:

"3. . . . [E]l Tribunal podrá dictar dicha orden de entredicho provisional, *injunction* preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:

(1) .       .       .       .       .       .       .       .

(2) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las Leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o Leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.

demanda alegó que la determinación administrativa que ordenó su traslado a oficinas de nueva creación en la región del vecino municipio de Carolina violaba sus derechos constitucionales al debido procedimiento, a la igual protección de las leyes y "otros derechos constitucionales y civiles." En síntesis, alegó que su traslado contravenía las Secs. 8.2 (3f), 8.2 (3g) y 8.2 (3a) del Reglamento de Personal y que la orden de traslado era arbitraria, abusiva y constitutiva de una medida disciplinaria y de una conducta de "persecución maliciosa con visos de discrimen por razones de ideas políticas." Alegó no tener otro remedio en la ley y solicitó la cantidad de $25,000 por concepto de daños y perjuicios.

El demandado solicitó la desestimación de la demanda y la sala sentenciadora emitió resolución negandose a desestimar la misma. En su resolución, amparose en la doctrina del caso *Pierson Muller I* v. *Feijoó*, 106 D.P.R. 838 (1978), admitiendo la competencia del tribunal para resolver esta controversia en primera instancia. En su solicitud de *certiorari* el demandado peticionario sostiene que la jurisdicción primaria para la dilucidación de la presente controversia corresponde por ley a la Junta de Apelaciones del Sistema de Administración de Personal. (²) Señala, además, que la doctrina de agotamiento de remedios administrativos, según expresada en el caso *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964), impide en el caso de autos el acceso al foro judicial en primera instancia.

■ Reiteramos la doctrina sentada por este Tribunal sobre la aplicación de las normas de jurisdicción primaria y agotamiento de remedios administrativos en casos donde se

---

Disponiéndose además; que al dictar dicha orden el Tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el Tribunal y entre las partes."

(²) Véase Ley Núm. 5 de 14 de octubre de 1975, Art. 7.14 (3 L.P.R.A. sec. 1394).

alega que una actuación administrativa infringe los derechos constitucionales de una parte. Véase: *Pierson Muller I* v. *Feijoó*, 106 D.P.R. 838 (1978) (en reconsideración).

■ El punto de partida para guiar la aplicabilidad o no de estas normas en tales circunstancias se halla en el propósito que anima la Ley Núm. 12 de 8 de agosto de 1974, antes citada.

■ Motivó esta ley el deseo de proveer un remedio local para violaciones de derechos constitucionales, remedio hasta entonces disponible tan solo en la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico, lo que necesariamente forzaba al litigante a acudir en estos casos únicamente a tal foro. *Cf.* Naveira de Rodón, *Inter-Relación entre el Foro Local, El Foro Federal y la Reforma Judicial,* 36 Rev. C. Abo. P.R. 951, 984–85 (1975). De lo anterior se desprende que para tener efectividad el remedio local tiene que ser consustancial con el federal. La clara intención de nuestro estatuto fue crear remedios paralelos.

Aunque existe jurisprudencia en contrario, la opinión más generalizada es que no se requiere agotar remedios administrativos estatales antes de acudir al foro judicial federal bajo la Ley Federal de Derechos Civiles. N. Dorsen, P. Bender 4 B. Newborne, Emerson, Haber & Dorsen's *Political and Civil Rights in the United States,* 4ª ed. 1976, vol. 1, pág. 1585; Note, *Exhaustion of State Administrative Remedies Under the Civil Rights Act,* 8 Ind. L. Rev. 565 (1975); Comment, *Exhaustion of State Administrative Remedies in Section 1983 Cases,* 41 U. Chi. L. Rev. 537 (1974); *McNeese* v. *Board of Education,* 373 U.S. 668, 672 (1963).

Por otro lado, la jurisprudencia federal establece firmemente que existe jurisdicción bajo 42 U.S.C. sec. 1983 a menos que el planteamiento constitucional carezca obviamente de sustancia, *Hagans* v. *Lavine,* 415 U.S. 528, 543 (1974), o sea patentemente inmeritorio, *Bell* v. *Hood,* 327 U.S. 678, 683 (1946).

■ La naturaleza y propósito de la Ley Núm. 12 de 8 de agosto de 1974 exigen en consecuencia el reconocimiento de que el remedio que la misma provee es independiente y suplementario a cualquier otro disponible a la parte agraviada. Tal remedio no está sujeto, como regla general, a las normas de jurisdicción primaria y agotamiento de remedios administrativos cuando el planteamiento constitucional no carece obviamente de sustancia ni es patentemente inmeritorio.

■ Los hechos del presente caso no justifican que prescindamos de aplicar las normas generales sobre la jurisdicción primaria y el agotamiento de los remedios administrativos. Es claramente inmeritorio el planteamiento constitucional. La demandante se queja de que se ha ordenado su traslado a unas oficinas de Carolina, un municipio colindante, accesible por unas vías de carretera adecuadas. No estamos ante un caso de rebaja de sueldo ni mucho menos de una cesantía, circunstancias éstas que podrían conllevar un impacto económico inmediato. Tampoco se trata de una reclasificación del empleado, en violación de un derecho de propiedad adquirido. Ni están presentes aquellos hechos que, según hemos resuelto en ocasión anterior, originan una válida presunción de discrimen por motivos de ideas políticas.[3] Se trata simple y llanamente del traslado de la demandante a un pueblo vecino donde se ha dispuesto la creación de nuevas oficinas del programa de Cupones de Alimentos. Este hecho escueto no delata un agravio de patente intensidad al derecho del individuo, que reclama urgente reparación.

*Se expide en consecuencia el auto solicitado y se revocará la resolución emitida por el Tribunal Superior, Sala de San Juan, Ortiz, J., en el caso de Pedraza v. Collazo, Civil Núm. P.E. 78-1006 (906), que declaró sin lugar la moción de desestimación, y se dictará otra declarándola con lugar.*

---

[3] Véase *Báez Cancel* v. *Alcalde Mun. de Guaynabo,* 100 D.P.R. 982 (1972).