# 96 DTA 105

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

ANGEL FRATICELLI TORRES
Demandante-Apelante

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, ADMINISTRACION DE SERVICIOS Y DESARROLLO AGROPECUARIO; JUAN L. RODRIGUEZ JIMENEZ, EN SU CARACTER PERSONAL Y OFICIAL, CASADO CON FULANA DE TAL CON QUIEN TIENE CONSTITUIDA UNA SOCIEDAD LEGAL DE GANANCIALES
Demandados-Apelados

Núm. KLAN-96-00139

San Juan, Puerto Rico, a 5 de agosto de 1996

Panel integrado por su Presidente, Juez Negrón Soto y los Jueces Urgell Cuebas y González Román

Negrón Soto, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El Sr. Angel L. Fraticelli Torres, en lo sucesivo el apelante, solicita la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 17 de enero de 1996 y archivada en autos copia de su notificación el día 19 siguiente. Mediante dicha sentencia se declaró con lugar una solicitud de desestimación presentada por el codemandado, Administración de Servicios y Desarrollo Agropecuarios (ASDA), sin perjuicio, en atención a que el despido del apelante por su alegada creencia ideológica y política estaba siendo ventilado en el foro administrativo y por ende debía agotarse dicho trámite.

### I
El apelante le imputa al Tribunal de Primera Instancia que erró al desestimar la demanda de inter

dictó y daños y perjuicios, ya que no venía obligado a agotar el remedio administrativo, y al declarar no ha lugar una solicitud de permiso para enmendar la demanda para incluir unas alegaciones más detalladas sobre los daños alegadamente sufridos y las acciones discriminatorias, la cual presentó con una moción de reconsideración a la sentencia dictada que es objeto de esta apelación.

Los apelados presentaron su oposición a esta apelación, alegando que el recurso extraordinario de *injunction* era improcedente, que el apelante tenía que agotar los remedios administrativos, que él no pudo demostrar una causa para ser relevado de ello y que el Tribunal de Primera Instancia ejerció su discreción judicial en forma razonable al no permitir una enmienda a la demanda luego de haber sido emitida y notificada una sentencia.

Para resolver estos planteamientos es necesario que examinemos los hechos de este caso.

## II

El 8 de agosto de 1995 el apelante recibió una carta de destitución por haber violado las normas de conducta de ASDA, que consistían en tener interés económico directo en una empresa privada que confligía con los intereses de dicha agencia. El apelante solicitó los beneficios por desempleo provistos por la Ley de Seguridad de Puerto Rico, los que le fueron denegados el 28 de septiembre siguiente en virtud de lo dispuesto en el Reglamento del Departamento del Trabajo y Recursos Humanos. No estando conforme con dicha determinación solicitó audiencia ante un árbitro de la División de Apelación de ese Departamento. Celebrada una vista el 27 de octubre de 1995, dicho árbitro concluyó que a base del propio testimonio del apelante el negocio que tenía confligía con los intereses del patrono, por lo que confirmó la determinación de dicho Departamento. El apelante interpuso un recurso de apelación ante el Secretario del Departamento del Trabajo y Recursos Humanos impugnando la determinación del árbitro. Mediante decisión del 7 de diciembre de 1995 un Juez Administrativo designado por el Secretario del Trabajo y Recursos Humanos confirmó la resolución apelada. Dicha resolución fue notificada el 8 de diciembre siguiente.

De otro lado, el apelante recurrió al procedimiento administrativo en la Administración de Servicios Agrícolas, ahora ASDA, mediante el caso número D-95-02, con igual planteamiento que el que hizo ante el Tribunal apelado. Allí se designó a un Oficial Examinador, quien ordenó a las partes, mediante orden del 2 de noviembre de 1995, que se reunieran y sometieran un informe de conferencia con antelación a la vista. Además, dispuso que deberían someterle tres fechas disponibles para celebrar la vista formal. Ante una solicitud del apelante, dicho Oficial Examinador se negó a paralizar los procedimientos el 30 de noviembre de 1995.

En esta etapa del caso administrativo, el apelante presentó una demanda de inter dictó y daños y perjuicios ante el Tribunal, fechada el 17 de octubre de 1995, y una moción de solicitud de orden de paralización el 17 de noviembre siguiente. ASDA se opuso en escrito del 21 de diciembre de 1995. En resumen, como bien indica el ilustrado tribunal de instancia en su sentencia:

*"De las comparecencias de ambas partes surge que, en relación con los hechos que culminaron en el despido de Fraticelli Torres, se han estado ventilando varios procedimientos ante las agencias administrativas correspondientes. Como cuestión de hecho, en una fecha anterior a la de la presentación de la presente demanda, Fraticelli presentó un escrito de apelación ante el organismo administrativo correspondiente. La Administración designó un oficial examinador y éste prontamente dispuso para la celebración de la conferencia con antelación a la vista formal en el caso.*

*A pesar de lo anterior, el demandante optó por hacer caso omiso de los procedimientos administrativos que él mismo había iniciado y recurrió al foro judicial mediante la demanda del epígrafe."*

Notificada dicha sentencia, el apelante presentó una moción de reconsideración acompañando una demanda enmendada en donde amplió los hechos de su reclamación. El tribunal de instancia denegó dicha moción de reconsideración y el apelante presentó este recurso de apelación.

Analizados los errores imputados a la luz de los hechos incontrovertidos de este caso, procede concluir que los mismos no fueron cometidos. Veamos.

# III

Como se dice en *García Ortiz v. Policía de P.R.*, Op. del 11 de marzo de 1996, **96 J.T.S. 32:**

*"La doctrina de jurisdicción primaria es de génesis jurisprudencial. Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347 (1988) " [N]o tiene que ver con el momento o la ocasión de la revisión judicial de la acción administrativa. Se trata de quién posee la facultad inicial de adjudicar y entender en el asunto. Es decir si la acción debe ser presentada ante la agencia o ante el tribunal en primera instancia." Fernández Quiñones, Demetrio, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Editorial Forum, 1993, págs. 423-424. En consecuencia, "ocurre tan sólo cuando existe jurisdicción concurrente entre el proceso administrativo y el sistema judicial." (Enfasis nuestro). Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398, 402 (1980); First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426, 432 (1983); Delgado Rodríguez v. Nazario de Ferrer, supra, " [O]pera para determinar qué organismo, si el judicial o el administrativo, debe hacer la determinación inicial del asunto..." First Fed. Savs. v. Asoc. de Condómines, supra, 432; E.L.A. v. 12,974.78 Metros Cuadrados, 90 D.P.R. 506, 511 (1964). Como norma general, "a su amparo, el foro judicial se abstiene para permitir al organismo enjuiciar una materia de su competencia, bajo el supuesto de que éste posee unas destrezas y conocimientos especializados (expertise)." Delgado Rodríguez v. Nazario de Ferrer, supra, 354.*

Hemos reconocido, a modo de excepción, que en casos en que se alega violación de derechos civiles se puede obviar el proceso administrativo y acudir en primera instancia al foro judicial mediante el recurso de *injunction. Delgado Rodríguez v. Nazario de Ferrer, supra; Pedraza Rivera v. Collazo Collazo,* 108 D.P.R. 272 (1979); *Pierson Muller I v. Feijóo,* 106 D.P.R.838 (1978); *Otero Martínez v. Gobernador,* 106 D.P.R. 552 (1977). Sin embargo, no es suficiente una alegación general de discrimen político para marginar automáticamente el proceso administrativo. El planteamiento debe ser claro y específico en cuanto a lo que constituye esa violación.

Una vez se determina que el caso presenta una alegación constitucional clara y específica, uno de los remedios que puede solicitar el promovente es un *injunction. Delgado Rodríguez v. Nazario, supra; Pedraza Rivera v. Collazo Collazo, supra.* Y al respecto, hemos reconocido que el *injunction* se ha convertido en el instrumento más eficaz para vindicar los diversos derechos fundamentales protegidos por nuestra Constitución. *Noriega v. Gobernador,* 122 D.P.R. 650, 681 (1983). Es *"independiente y suplementario a cualquier otro [remedio] disponible a la parte agraviada." Pedraza Rivera v. Collazo Collazo, supra,* 276.

Como recurso legal extraordinario, sólo puede *"utilizarse cuando el procedimiento ordinario no provea un remedio rápido, adecuado, y eficaz, para corrección de un agravio de patente intensidad al derecho del individuo que reclame urgente reparación." Otero Martínez v. Gobernador, ante,* 556. Para determinar si procede el *injunction* hay que detectar *"si la acción envuelve o no un agravio de patente intensidad al derecho del individuo que reclame urgente reparación." First Fed. Savs. v. Asoc. de Condómines, supra,* 438. Más aún, *"el tribunal deberá balancear los intereses involucrados y convencerse de que efectivamente existe una posibilidad real de prevalecer." Delgado Rodríguez v. Nazario, supra,* 357."

Bajo estas normas jurisprudenciales, el apelante tenía que esperar que se agotara el remedio administrativo que él mismo había iniciado. Ello es así ya que estamos ante un caso en que la jurisdicción es concurrente entre el foro administrativo y el judicial. Por lo tanto, aplica la doctrina de jurisdicción primaria concurrente. *Rivera Ortiz y Torres v. Municipio de Guaynabo,* Op. del 28 de junio de 1996, **96 J.T.S. 102.** Habiendo comenzado el trámite administrativo, es de aplicación la doctrina de agotamiento de remedio administrativo incorporada en la Sec. 4.3 de la Ley de Procedimiento Administrativo Uniforme, que dice así:

*"El Tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea*

*un asunto estrictamente de derecho y es innecesaria la pericia administrativa."* 3 L.P.R.A. sec. 2173.

Los hechos expuestos por el apelante en su demanda del 17 de octubre de 1995, complementados por otros que surgen de las resoluciones emitidas por el árbitro del Departamento del Trabajo y Recursos Humanos y la decisión del Secretario de dicha agencia en la apelación Núm. A-402-95, *supra*, no dan base alguna para la aplicación de ninguna de las excepciones dispuestas en la citada Sec. 4.3 que permita el relevo de agotar el trámite administrativo. Específicamente, según expresó el tribunal apelado, de esos hechos no surge ninguna violación patente de los derechos constitucionales del apelante. Su planteamiento no resulta ser específico y adolece de claridad. De otro lado, el trámite administrativo se estaba conduciendo en una forma razonable y sin dilación alguna. ■

Estamos conscientes que en *Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347, 359 (1988), se indica que cuando un litigante acude simultáneamente al foro judicial y al administrativo reclamando daños y perjuicios, la mejor práctica es suspender la acción judicial hasta que advenga final y firme el dictamen administrativo, para que entonces se pueda resolver la procedencia del daño reclamado. Acorde con ello, el tribunal de instancia decretó correctamente que la desestimación del caso era una sin perjuicio.

### IV

En atención a lo anteriormente expresado se confirma la sentencia apelada.

Regístrese y notifíquese.

Así lo acordó el Tribunal y certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**ESCOLIO 96 DTA 105**

**1.** Para una exposición adicional de las normas de derecho antes expuestas véase nuestra sentencia de esta misma fecha dada en el caso Núm. KLAN-96-00042, *González Ramos v. Universidad de Puerto Rico.*