Alfonso de Cumpiano, Juez Ponente
*1137 TEXTO COMPLETO DE LA RESOLUCION
La Autoridad de Carreteras y Transportación (la Autoridad) presentó recurso de certiorari denominado Gladys Rodríguez Vega y otros v. Autoridad de Carreteras y Transportación y otros, Núm. KLCE-99-01262, en solicitud de la revisión de la resolución dictada el 4 de octubre de 1999 por el Tribunal de Primera Instancia. En la referida resolución, el tribunal declaró sin lugar la moción presentada por la Autoridad en solicitud de la paralización de los procedimientos en el caso instado contra la Autoridad por la Sra. Gladys Rodríguez Vega y otros en ese foro.
La Autoridad presentó también ante este Tribunal recurso de revisión denominado Gladys Rodríguez Vega v. Autoridad de Carreteras y Transportación y otros, Núm. KLRA-99-00728, en el cual recurre de la resolución dictada el 22 de octubre de 1999 por el Comité de Apelaciones de la Autoridad de Carreteras y Transportación (Comité de Apelaciones). Mediante ésta, se archivó la apelación presentada por la señora Rodríguez ante dicho organismo.
La Autoridad solicitó la consolidación de ambos recursos, a lo que la señora Rodríguez se allanó. Por estar íntimamente relacionados, se ordena la consolidación de los recursos de epígrafe.
Examinadas las resoluciones recurridas, las alegaciones de las partes y el derecho aplicable, por los fundamentos más adelante expuestos, se deniega la expedición de los recursos.
I
El trasfondo de hechos procesales que enmarca la controversia es el siguiente. La señora Rodríguez presentó el 28 de enero de 1998 apelación ante el Comité de Apelaciones, en la cual alegó discrimen, persecución y hostigamiento por parte de sus superiores en la Autoridad, incluyendo la privación de sus funciones como Secretaria Ejecutiva I. El 30 de julio de 1998, la señora Rodríguez y sus hijos presentaron demanda contra la Autoridad y otros ante el Tribunal de Primera Instancia, sobre discrimen en el empleo por razón de edad e ideas políticas, violación de derechos constitucionales, sentencia declaratoria y daños y perjuicios. El 15 de diciembre de 1998, la señora Rodríguez presentó ante el Comité de Apelaciones moción sobre falta de jurisdicción de ese organismo para atender la controversia ante la naturaleza de las alegadas violaciones de derechos. Planteó además en dicha moción conflictos de intereses del Secretario del Comité de Apelaciones y uno de los miembros de éste, con la decisión que pudiera emitirse en su caso. Informó sobre la demanda que había presentado en el Tribunal de Primera Instancia basada en discrimen en el empleo. Argumentó que la jurisdicción original sobre el asunto la tenía el tribunal y solicitó que se le permitiera continuar con su acción judicial.
El 2 de junio de 1999, la Autoridad presentó una solicitud de paralización de los procedimientos ante el tribunal de instancia, fundamentada en que el Comité de Apelaciones es el foro con jurisdicción para atender las controversias planteadas por la señora Rodríguez. Mediante resolución de 4 de octubre de 1999, el tribunal *1138 declaró sin lugar la solicitud de paralización. La Autoridad presentó ante nos el recurso KLCE-99-01262 cuestionando dicha resolución.
En cuanto a la apelación administrativa, el Comité de Apelaciones emitió resolución el 22 de octubre de 1999, archivándola por razón de que la señora Rodríguez litigaba una misma causa de acción en dos foros, situación que entendió no era permisible y que representaba duplicidad de esfuerzos y costos. Contra esa resolución, la Autoridad presentó el recurso de revisión Núm. KLRA-99-00728, señalando como error del Comité de Apelaciones el archivo de la apelación.
Ambos recursos se refieren a los mismos hechos y planteamientos de derecho y presentan como controversia, en síntesis, si las causas de acción instadas por la señora Rodríguez son de la competencia inicial del foro apelativo administrativo o del judicial.
II
La Autoridad plantea que son aplicables a la controversia las doctrinas de jurisdicción primaria y de agotamiento de remedios administrativos que requieren que el foro administrativo considere las reclamaciones de la señora Rodríguez antes que el foro judicial pase juicio sobre éstas.
La doctrina de jurisdicción primaria atiende la jurisdicción original para considerar una reclamación. Consiste de dos vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. La doctrina de jurisdicción primaria exclusiva se aplica cuando una ley dispone que el organismo administrativo tendrá jurisdicción inicial exclusiva para examinar una reclamación. Esto es, el foro llamado a intervenir originalmente es el administrativo. La doctrina de jurisdicción concurrente postula la inhibición judicial y aplica cuando una ley permite que la reclamación se inicie, tanto en el foro administrativo, como en el judicial. Se trata de evitar una intervención judicial innecesaria y a destiempo que interfiera con el cauce y el desenlace normal del proceso administrativo. Paoli Méndez v. Rodríguez, 138 D.P.R. _ (1995), 95 J.T.S. 57, pág. 866; Aguilú Delgado v. P.R. Parking System, 122 D.P.R. 261, 266-268 (1988); First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983) D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Forum, pág. 440 (1993).
Como vemos, la doctrina de la jurisdicción primaria exclusiva se refiere únicamente a la cuestión de qué foro tiene inicialmente la facultad para dilucidar primero la controversia en cuestión. No es una doctrina que excluya toda intervención judicial en una controversia. Junta de Directores Condominio Monte Bello v. Fernández, 136 D.P.R. _ (1994), 94 J.T.S. 80, pág. 11998
Entre los factores o razones que justifican darle la deferencia a la agencia en casos de jurisdicción concurrente, se han mencionado: la destreza o pericia de la agencia, la complejidad y especialidad de la controversia, la prontitud usual del proceso decisional y el uso de técnicas de adjudicación más flexibles, entre otras. Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398, 401 (1979).
La doctrina de agotamiento de remedios establece que los tribunales deben inhibirse ante controversias que se encuentran bajo la consideración de las agencias y que, por tanto, no han cumplido con el trámite administrativo cabalmente. Vélez Ramírez v. Romero Barceló, 112 D.P.R. 716 (1982); Delgado Rodríguez v. Nazario Ferrer, 121 D.P.R. 347 (1988); Febres v. Feijoó, 106 D.P.R. 676 (1978). No obstante, existen situaciones reconocidas en la ley y en la jurisprudencia, en las que no es necesario agotar los remedios administrativos. La sección 4.3 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, establece que no será necesario agotar los remedios administrativos cuando:
*1139 “[DJicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa”. 3 L.P.R.A. sec. 2173.
La anterior disposición ha sido invocada, entre otros, en casos que como el presente, se basan en violaciones a la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146 y ss. Esta ley prohibe el discrimen en el empleo por razón de edad, raza, color, sexo, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas. La jurisprudencia ha aclarado que bajo dicha ley, para llevar una acción judicial de discrimen ante el foro local no es requisito agotar el remedio administrativo. Ello en atención a que la aludida ley establece que las reclamaciones civiles a su amparo podrán tramitarse directamente por vía judicial mediante acción ordinaria o mediante el procedimiento especial de la Ley Núm. 2 de 17 de octubre de 1962 sobre reclamaciones laborales, o mediante querella administrativa ante el Departamento del Trabajo. Matos Molero v. Roche Products, Inc., 132 D.P.R. _ (1993), 93 J.T.S. 6, pág. 10312.
En específico, el Artículo 4 de la Ley Núm. 100, supra, concede jurisdicción original concurrente al Tribunal de Primera Instancia para entender en acciones civiles por discrimen en el empleo. Srio. del Trabajo v. Finetex Hosiery Co., 116 D.P.R. 823, 826 (1986).
La jurisprudencia ha considerado, particularmente, el aspecto de si las reclamaciones civiles por discrimen deben atenderse inicialmente en la vía judicial o en la administrativa. Nuestro Tribunal Supremo ha establecido que la reivindicación de los derechos constitucionales corresponde y puede reclamarse en primera instancia en los tribunales de justicia sin que el foro administrativo tenga jurisdicción original al respecto. Al evaluar el recurso en un caso donde se provee también para una apelación administrativa, los tribunales deben distinguir entre cuestiones de interpretación estatutaria, en que los tribunales son especialistas y cuestiones propias para la discreción o pericia administrativa. García Cabán v. Universidad de Puerto Rico, 120 D.P.R. 167, 178 (1987); Pierson Muller I v. Feijoó, 106 D.P.R. 838, 852 (1978).
La reclamación basada en derechos constitucionales tiene que ser de tal naturaleza que justifique prescindir de la aplicación de las normas sobre agotamiento de remedios administrativos. Deben estar presentes hechos que originen una válida presunción de discrimen. Por ello, para que proceda un reclamo por violación a un derecho garantizado constitucionalmente, a los fines de eludir el cauce administrativo, es necesario que se demuestre la existencia de un agravio de patente intensidad que justifique el desvío.
Se ha resuelto que la desviación o incumplimiento de las normas de reclasificación de una agencia no constituye, de por sí, un agravio de tal intensidad que revista carácter constitucional. Tampoco puede el derecho reclamado ser indefinido, ni demostrar falta de concreción. Pedraza Rivera v. Collazo Collazo, 108 D.P.R. 272, 276 (1979); Mercado Vega v. U.P.R., 128 D.P.R. 73, 286 (1991). No es suficiente para marginar automáticamente el proceso administrativo una alegación general de discrimen político; el planteamiento debe ser claro y específico en cuanto a lo que constituye esa violación. García Ortiz v. Policía de P.R., 140 D.P.R. _ (1996), 96 J.T.S. 32, pág. 778.
En los casos en que se alegue discrimen político para prescindir del trámite administrativo, deben estar presentes hechos tendientes a establecer: ausencia de motivo racional para la actuación contra el empleado, clara identificación del demandante con un partido político, sustitución por una persona que pertenece a un partido político distinto al suyo, el cual es el mismo de la autoridad nominadora. Cuando ello ocurra, se *1140 establece un caso prima facie o presunción de discrimen político. Orta v. Ayala, 131 D.P.R. 227, 243-245 (1992); Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486 (1990); Pedraza Rivera v. Collazo Collazo, supra, a la pág. 276.
Esas normas nos sirven de guía en la consideración de los recursos bajo consideración.
III
El planteamiento de la Autoridad se fundamenta en que, conforme a su Reglamento de Personal, es el Comité de Apelaciones el organismo que tiene jurisdicción y que la apelación de la señora Rodríguez se basa en el principio de mérito. Como hemos señalado, se requiere el examen de las reclamaciones de la señora Rodríguez a los fines de determinar si cumplen con los criterios que justifican el desvío administrativo.
En la apelación administrativa, la señora Rodríguez alegó, en síntesis, que ocupa el puesto de carrera de Secretaria Ejecutiva I en la Oficina Asesora de Administración de Propiedades de la Autoridad. Alegó haber sido objeto de hostigamiento, persecución, y trato discriminatorio por parte de sus supervisores. Expresó que como consecuencia de ese trato discriminatorio se le había privado de ejercer sus funciones como Secretaria Ejecutiva I, las cuales se le asignaron a personal unionado de puestos de categoría inferior. Añadió que a pesar de las gestiones realizadas ante la administración y ante el Director Ejecutivo de la Autoridad, los supervisores continuaban su patrón de conducta, contrario al Reglamento de Personal, al principio de mérito y a las leyes aplicables. Además, la señora Rodríguez hizo una reserva expresa de cualquier reclamación que tuviera de discrimen por razón de edad ante los tribunales estatales y federales. Finalmente solicitó al Comité de Apelaciones que ordenara a la Autoridad que cesara y desistiera de la práctica de persecución y hostigamieiito contra ella, que le restituyera a las funciones inherentes del puesto que ocupa, y el pago de $2,500.00 en honorarios de abogado. Apéndice del recurso de revisión, págs. 7-8.
En la demanda contra la Autoridad y otros, la señora Rodríguez alegó, en síntesis, que ocupa la plaza de Secretaria Ejecutiva I adscrita al Director de la Oficina Asesora de Administración de Propiedades en la Autoridad y describió las tareas de su puesto. Alegó que tiene 57 años de edad, que al momento en que fue nombrada en su puesto, el Partido Popular Democrático se encontraba en el poder del gobierno de Puerto Rico, que el Director de la Oficina Asesora de Administración de Propiedades advino a su posición mientras el Partido Nuevo Progresista se encontraba en el poder del gobierno y que dicho funcionario ha creado Un esquema de desvío de labores contra ella por conducto y dirigido a beneficiar al personal afiliado o simpatizante al Partido Nuevo Progresista y más joven que ella. Señaló las reclamaciones y orientaciones que solicitó ante organismos ejecutivos que atienden asuntos de discrimen. Alegó expresamente discrimen por razón de ideas políticas y por edad por parte de sus supervisores. Solicitó los remedios provistos por la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146 y ss.), la Ley 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 146 y ss.), la Ley 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 194 (a), el Artículo 1802 del Código Civil (31 L.P.R.A. sec. 5141) y bajo la Constitución del Estado Libre Asociado de Puerto Rico.
Como puede apreciarse, las reclamaciones de la señora Rodríguez no se refieren propiamente a asuntos de personal, que requieren pericia administrativa. Contrario a lo que aduce la Autoridad, sus reclamaciones no son de clasificación, ya que no está en controversia cuáles son las funciones del puesto que ocupa. Tampoco se basan en acciones disciplinarias, de ascensos, traslados, descensos, adiestramientos, o retención, elementos del principio de mérito. Dichas reclamaciones claramente se refieren a que se le ha despojado de sus funciones por alegado discrimen y hostigamiento. Demuestran la existencia de un agravio de patente intensidad, que justifica sean consideradas por el tribunal.
Por tanto, no tiene razón la Autoridad en sus planteamientos. La jurisdicción original de las reclamaciones *1141 interpuestas por la señora Rodríguez en relación a los hechos relatados en su demanda es del tribunal. El foro judicial es el llamado a resolver, bajo las leyes invocadas, las acciones civiles por discrimen en el empleo de la naturaleza planteada por la señora Rodríguez, tal cual surgen de sus planteamientos.
IV
En conclusión, no erró el Comité de Apelaciones al archivar la apelación administrativa, ni el tribunal recurrido al negarse a paralizar los procedimientos y resolver que las alegaciones de la demanda planteaban cuestiones de derecho que no son de la inherencia del foro administrativo.
En virtud de todo lo anterior, se deniegan los recursos consolidados.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General